

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 1, 1966

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C-732

Re: Authority of the State
Board of Education to
contract with the Texas
Department of Corrections
for the production in
Braille of textbooks
adopted by the State
Textbook Committee.

Dear Dr. Edgar:

Your request for an opinion of the above subject matter asks the following questions:

"1.   Pursuant to Article 2876k and the regulations adopted thereunder, does authority exist in the State Board of Education to contract with the Texas Department of Corrections for the purchase and production in Braille of State adopted textbooks, to be paid for from appropriate State funds?

"2.   If the propriety or method of contracting for same (as indicated herein) is questionable, is there a legal manner whereby we can contract for such Braille services with the Texas Department of Corrections?"

You state in your letter that the Department of Corrections volunteered to produce in Braille textbooks adopted by the State Textbook Committee, and that upon recommendation of the Textbook Committee, the State Board of Education adopted a policy whereby the Department of Corrections began the production in Braille of textbooks adopted by the Committee on order of the State Board of Education. You further state that in December, 1965, the Department of Corrections billed the State Board of Education for the first Braille books produced in November, 1965, and that the Comptroller issued a state warrant in payment of the claim. In subsequent months, however, the Comptroller has

-3525-

taken the position that the production of such Braille con-
stituted a violation of Section 21 of Article XVI of the
Constitution of Texas in that the same constituted printing
and binding to be performed under contract subject to the
approval of the Governor, Secretary of State and the Comptroller.

Your request further informs this office that investi-
gations for possible sources of the production of textbooks in
Braille reveal that in addition to the American Printing House
for the Blind, Volunteer Visual Aid Groups have been organized
to produce such Braille textbooks for their local schools in
Houston, Dallas, Garland and Austin, and donations from a Lions
Club have been made to the Department of Corrections for the
purpose of purchasing machines, equipment and supplies needed
in the production of Braille textbooks for the blind. As a
result of these investigations, it was determined by the Depart-
ment of Education that the Department of Corrections constituted
the best available source for the production of Braille textbooks
authorized by Article 2876k.

Section 21 of Article XVI of the Constitution of Texas
provides as follows:

"All stationery, and printing, except
proclamations and such printing as may be done
at the Deaf and Dumb Asylum, paper, and fuel
used in the Legislative and other departments
of the government, except the Judicial Department,
shall be furnished, and the printing and binding
of the laws, journals, and department reports,
and all other printing and binding and the re-
pairing and furnishing the halls and rooms used
for the meetings of the Legislature and its
committees, shall be performed under contract,
to be given to the lowest responsible bidder,
below such maximum price, and under such regula-
tions, as shall be prescribed by law. No member
or officer of any department of the government
shall be in any way interested in such contracts;
and all such contracts shall be subject to the
approval of the Governor, Secretary of State and
Comptroller."

Section 1 of Article 2876k authorizes the State Board
of Education "to acquire, purchase and contract for, with or
without bid, subject to rules and regulations adopted by the
Board, free textbooks recommended as suitable and useful for
the education of blind and visually handicapped scholastics,

hereinafter defined in the public school systems of this state in grades 1 to 12 inclusive". Free textbooks, as used in this Article, is defined to include "books in Braille, large type or any other medium or any apparatus which convey information to the reader or otherwise contributes to the learning process".

In view of the above quoted provisions of Article 2876k, the question arises whether the production of textbooks into Braille constitutes a manufacturing process or constitutes printing and binding within the meaning of Section 21 of Article XVI of the Constitution of Texas. The Courts of this State have not defined the term "printing" (as distinguished from the term "manufacturing") as used in Section 21 of Article XVI of the Constitution of Texas. In State v. Steck Co., 236 S.W.2d 866 (Tex.Civ.App. 1951, error ref.) the trial court filed findings of fact wherein it found that the Cigarette Tax Stamps involved in that case were not printed, but were manufactured and that the order for them was not for printing. With regard to such finding, the Court made the following observation:

> "The parties agree that the cigarette tax stamps were produced by the decalcomania process, and appellee contends this process does not constitute printing and that the trial court's conclusion in that respect was correct.

> "We do not think it is of controlling importance for us to here determine that finding No. 11, supra, is a finding of fact, or is a conclusion of law as contended by appellant. There the court found the stamps were 'manufactured'; if so, then the contract for their manufacture was required to be awarded in the manner provided in Art. 7047c-1, Sec. 3, supra. If printed, then such contract was required to be awarded in the manner provided in that Article and also, Art. XVI, Sec. 21 of the Constitution, supra.

> " . . .

> "Appellee by making the contract, manufacturing the stamps and delivering them to the State . . ." (Emphasis supplied)

It will be noted in the instant case, that the provisions of Article 2876k differs from the provisions of Article 7047c-1, authorizing the Cigarette Tax Stamp Board to acquire

Dr. J. W. Edgar, page 4 (C-732)

cigarette tax stamps in that Article 7047c-1 required that the stamps shall be awarded by competitive bid to the persons submitting the lowest and best bid, whereas Article 2876k permits the acquiring of Braille textbooks with or without bid.

We are of the opinion that the process of transforming textbooks into Braille material does not constitute the process of printing and binding within the meaning of Section 21 of Article XVI of the Constitution of Texas; rather, such process constitutes a manufacturing process requiring specialized machines, equipment, and apparatus necessary to its production. Therefore, Section 21 of Article XVI of the Constitution of Texas is not applicable to the contract in question. Since the State Board of Education is authorized to acquire, purchase and contract for, with or without bid, Braille books, you are advised the State Board of Education may acquire such books from the Department of Corrections.

## S U M M A R Y

The process of transforming textbooks into Braille material does not constitute the process of printing and binding within the meaning of Section 21 of Article XVI of the Constitution of Texas; rather, such process constitutes a manufacturing process requiring specialized machines, equipment and apparatus necessary to its production. Under the provisions of Article 2876k, Vernon's Civil Statutes, the State Board of Education is authorized to contract with the Department of Corrections for the production of Braille textbooks.

Very truly yours,

WAGGONER CARR
Attorney General

By: John Reeves
John Reeves
Assistant

JR:mh:mkh

-3528-

Dr. J. W. Edgar, page 5 (C-732)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
W. O. Shultz
Mark White
John Miller

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright